IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

JULIA CROSSMAN,

    PLAINTIFF,

CASE NO.: 2021-CA-007709-O

v.

HOLIDAY CVS, L.L.C., d/b/a
CVS/Pharmacy #4614, a Florida
limited liability company; JIANN-
GWO WANG; and IVIA WANG,

    DEFENDANTS.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

JULIA CROSSMAN, by and through undersigned counsel, hereby sues Defendants, HOLIDAY CVS, L.L.C., d/b/a CVS/Pharmacy #4614 (hereinafter referred to as "CVS #4614"), JIANN-GWO WANG, and IVIA WANG, and alleges as follows:

### GENERAL ALLEGATIONS

1) The is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), not inclusive of attorneys' fees and costs and thus within the jurisdictional limits of this Court in accordance with Fla. Stat.

2) All of the acts and/or omissions complained of herein occurred in this County, thus venue is proper in accordance with Fla. Stat.

3) At all times material and relevant hereto, **JULIA CROSSMAN**, was a resident of Orange County, Florida and is otherwise *sui juris*.

4) At all times material and relevant hereto, Defendant, **CVS #4614**, maintained its principal place of business at 1 CVS Dr., Woonsocket, RI 02895 and conducted business at 7451 E. Colonial Dr., Orlando, FL 32807.

5) At all times material and relevant hereto, **JIANN-GWO WANG**, was a resident of Monmouth County, NJ and is otherwise *sui juris*.

6) At all times material and relevant hereto, **IVIA WANG**, was a resident of Monmouth County, NJ and is otherwise *sui juris*.

7) At all times material and relevant hereto, Defendant, **CVS #4614**, conducted business or business ventures in the State of Florida, thus availing itself to the jurisdiction of this Court pursuant to Fla. Stat.

8) At all times material and relevant hereto, Defendant, **JIANN-GWO WANG**, owned property and conducted business or business ventures in the State of Florida, thus availing themself to the jurisdiction of this Court pursuant to Fla. Stat.

9) At all times material and relevant hereto, Defendant, **IVIA WANG**, owned property and conducted business or business ventures in the State of Florida, thus availing themself to the jurisdiction of this Court pursuant to Fla. Stat.

10) All of the actions and or omissions outlined below occurred in Orange County, Florida.

11) On June 17, 2018, Defendant, **CVS #4614**, owned, managed, controlled, operated, leased, and/or maintained the premises located at 7451 E. Colonial Dr., Orlando, FL 32807, that was used as a pharmacy and convenience store known as CVS.

12) On June 17, 2018, Defendant, **JIANN-GWO WANG**, owned, managed, controlled, operated, leased, and/or maintained the premises located at 7451 E. Colonial Dr., Orlando, FL 32807, that was used as a pharmacy and convenience store known as CVS.

13) On June 17, 2018, Defendant, **IVIA WANG**, owned, managed, controlled, operated,

leased, and/or maintained the premises located at 7451 E. Colonial Dr., Orlando, FL 32807, that was used as a pharmacy and convenience store known as CVS.

14) At that time and place, Plaintiff, **JULIA CROSSMAN**, was lawfully on the subject property as an invitee.

15) At that time and place and at all relevant times hereto, Defendant's, **CVS #4614**, agents, servants, and employees acted within the course and scope of their employment.

16) At that time and place and at all relevant times hereto, Defendant's, **JIANN-GWO WANG**, agents, servants, and employees acted within the course and scope of their employment.

17) At that time and place and at all relevant times hereto, Defendant's, **IVIA WANG**, agents, servants, and employees acted within the course and scope of their employment.

## COUNT I— NEGLIGENCE AGAINST DEFENDANT, CVS #4614

**JULIA CROSSMAN**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

18) At all times material hereto, it was the duty of Defendant, **CVS #4614**, to warn invitees, such as **JULIA CROSSMAN**, of dangers that were known, or reasonably should have been known, to Defendant, **CVS #4614**, in places where invitees (like Plaintiff) are invited to or may reasonably be expected to visit.

19) At all times material hereto, Defendant, **CVS #4614**, had a duty to reasonably maintain its premises for invitees such as Plaintiff, **JULIA CROSSMAN**.

20) Defendant, **CVS #4614**, and/or its agents, servants and/or employees breached its

duty to warn **JULIA CROSSMAN** through the following acts and/or omissions:

    (a) Failing to warn of an uneven, unlevel, asymmetric, raised and/or disjointed curb present in the parking lot of its premises; and/or

    (b) Failing to warn of drop offs in elevation in the parking lot of its premises; and/or

    (c) Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface present in the parking lot of its premises,

    (d) Failing to warn of the sudden change of the exterior walking surface of its premises; and/or

    (e) Failing to place barricades, warning signs, cones, caution-tape or other marking devices utilized to alert individuals, such as Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident; and/or

21) At all times material hereto, Defendant, **CVS #4614**, breached its duty to maintain owed to Plaintiff, **JULIA CROSSMAN**, by negligently and carelessly maintaining its premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, so as to cause Plaintiff, **JULIA CROSSMAN**, to sustain serious personal injuries when her foot encountered the condition.

22) Defendant, **CVS #4614**, further breached its duty owed to Plaintiff, **JULIA CROSSMAN**, by:

    (a) Failing to maintain the exterior walking surfaces of its premises in a reasonably safe condition, to wit, premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, and to prevent dangerous conditions from occurring; and/or

    (b) Failing to install a barrier, guard rail and/or other device designed to prevent invitees from tripping and falling over uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises; and/or

(c) Failing to maintain walkways so as to provide safe walking conditions; and/or

(d) Failing to transition a change in walking surface in accordance with applicable building codes, regulations, standards, and/or ordinances; and/or

(e) Failing to install, provide and/or maintain safe exterior walking surfaces under expected environmental conditions and use; and/or

(f) Failing to install, provide, or equip handrails near the walking surfaces of its premises, at or near where this incident occurred; and/or

(g) Failing to provide a walking surface that was free of obstructions or impediments, at or near where this incident occurred; and/or

(h) Failing to use visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions; and/or

(i) Failing to maintain visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions in a good and/or clean condition; and/or

(j) Failing to inspect its premises to ascertain whether the premises were free of uneven, unlevel, asymmetric, raised and/or disjointed curb to be present in the parking garage of its premises adjacent to a parking stall; and/or

(k) Failing to inspect its premises to ascertain whether the premises were free of sudden drop offs in elevation in the parking garage of its premises adjacent to a parking stall; and/or

(l) Failing to repair said condition or other similar conditions on the walking surface of its premises; and/or

(m) Failing to correct the hazardous condition of the premises when the Defendant knew or should have known that invitees traverse the walking surface of its premises; and/or

(n) Failing to train or supervise employees to correct or warn of unlevel, asymmetric, raised and/or disjointed exterior walking surfaces on its premises; and/or

(o) Was otherwise negligent in the care, maintenance and upkeep of its

premises so as to cause the Plaintiff's injuries.

23) Defendant, **CVS #4614**, by and through its agents, servants and/or employees, created the aforementioned dangerous conditions.

24) The aforementioned condition existed for a sufficient length of time that in the exercise of ordinary care, Defendant, **CVS #4614**, either knew or should have known of the existence of the hazardous and dangerous condition, which constituted a danger to Plaintiff, **JULIA CROSSMAN**.

25) The aforementioned condition occurred with regularity and was therefore foreseeable to Defendant, **CVS #4614**.

26) As a direct result of one or more of the above-mentioned acts of negligence or omissions, Plaintiff, **JULIA CROSSMAN**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff, **JULIA CROSSMAN**, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, **JULIA CROSSMAN**, hereby demands judgement for damages, costs and interest against Defendant, **HOLIDAY CVS, L.L.C., d/b/a CVS/Pharmacy #4614**, together with whatever other relief the Court deems just and appropriate.

### COUNT II— NEGLIGENCE AGAINST DEFENDANT, JIANN-GWO WANG

**JULIA CROSSMAN**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

27) At all times material hereto, it was the duty of Defendant, **JIANN-GWO WANG**, to

warn invitees, such as **JULIA CROSSMAN**, of dangers that were known, or reasonably should have been known, to Defendant, **JIANN-GWO WANG**, in places where invitees (like Plaintiff) are invited to or may reasonably be expected to visit.

28) At all times material hereto, Defendant, **JIANN-GWO WANG**, had a duty to reasonably maintain its premises for invitees such as Plaintiff, **JULIA CROSSMAN**.

29) Defendant, **JIANN-GWO WANG**, and/or its agents, servants and/or employees breached its duty to warn **JULIA CROSSMAN** through the following acts and/or omissions:

   (a) Failing to warn of an uneven, unlevel, asymmetric, raised and/or disjointed curb present in the parking lot of its premises; and/or

   (b) Failing to warn of drop offs in elevation in the parking lot of its premises; and/or

   (c) Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface present in the parking lot of its premises,

   (d) Failing to warn of the sudden change of the exterior walking surface of its premises; and/or

   (e) Failing to place barricades, warning signs, cones, caution-tape or other marking devices utilized to alert individuals, such as Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident; and/or

30) At all times material hereto, Defendant, **JIANN-GWO WANG**, breached its duty to maintain owed to Plaintiff, **JULIA CROSSMAN**, by negligently and carelessly maintaining its premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, so as to cause Plaintiff, **JULIA CROSSMAN**, to sustain serious personal injuries when her foot encountered the condition.

31) Defendant, JIANN-GWO WANG, further breached its duty owed to Plaintiff, JULIA CROSSMAN, by:

   (a) Failing to maintain the exterior walking surfaces of its premises in a reasonably safe condition, to wit, premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, and to prevent dangerous conditions from occurring; and/or

   (b) Failing to install a barrier, guard rail and/or other device designed to prevent invitees from tripping and falling over uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises; and/or

   (c) Failing to maintain walkways so as to provide safe walking conditions; and/or

   (d) Failing to transition a change in walking surface in accordance with applicable building codes, regulations, standards, and/or ordinances; and/or

   (e) Failing to install, provide and/or maintain safe exterior walking surfaces under expected environmental conditions and use; and/or

   (f) Failing to install, provide, or equip handrails near the walking surfaces of its premises, at or near where this incident occurred; and/or

   (g) Failing to provide a walking surface that was free of obstructions or impediments, at or near where this incident occurred; and/or

   (h) Failing to use visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions; and/or

   (i) Failing to maintain visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions in a good and/or clean condition; and/or

   (j) Failing to inspect its premises to ascertain whether the premises were free of uneven, unlevel, asymmetric, raised and/or disjointed curb to be present in the parking garage of its premises adjacent to a parking stall; and/or

   (k) Failing to inspect its premises to ascertain whether the premises were free of sudden drop offs in elevation in the parking garage of its

premises adjacent to a parking stall; and/or

(l) Failing to repair said condition or other similar conditions on the walking surface of its premises; and/or

(m) Failing to correct the hazardous condition of the premises when the Defendant knew or should have known that invitees traverse the walking surface of its premises; and/or

(n) Failing to train or supervise employees to correct or warn of unlevel, asymmetric, raised and/or disjointed exterior walking surfaces on its premises; and/or

(o) Was otherwise negligent in the care, maintenance and upkeep of its premises so as to cause the Plaintiff's injuries.

32) Defendant, **JIANN-GWO WANG**, by and through its agents, servants and/or employees, created the aforementioned dangerous conditions.

33) The aforementioned condition existed for a sufficient length of time that in the exercise of ordinary care, Defendant, **JIANN-GWO WANG**, either knew or should have known of the existence of the hazardous and dangerous condition, which constituted a danger to Plaintiff, **JULIA CROSSMAN**.

34) The aforementioned condition occurred with regularity and was therefore foreseeable to Defendant, **JIANN-GWO WANG**.

35) As a direct result of one or more of the above-mentioned acts of negligence or omissions, Plaintiff, **JULIA CROSSMAN**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and

Plaintiff, **JULIA CROSSMAN**, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, **JULIA CROSSMAN**, hereby demands judgement for damages, costs and interest against Defendant, **JIANN-GWO WANG**, together with whatever other relief the Court deems just and appropriate.

### COUNT III— NEGLIGENCE AGAINST DEFENDANT, IVIA WANG

**JULIA CROSSMAN**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

36) At all times material hereto, it was the duty of Defendant, **IVIA WANG**, to warn invitees, such as **JULIA CROSSMAN**, of dangers that were known, or reasonably should have been known, to Defendant, **IVIA WANG**, in places where invitees (like Plaintiff) are invited to or may reasonably be expected to visit.

37) At all times material hereto, Defendant, **IVIA WANG**, had a duty to reasonably maintain its premises for invitees such as Plaintiff, **JULIA CROSSMAN**.

38) Defendant, **IVIA WANG**, and/or its agents, servants and/or employees breached its duty to warn **JULIA CROSSMAN** through the following acts and/or omissions:

   (a) Failing to warn of an uneven, unlevel, asymmetric, raised and/or disjointed curb present in the parking lot of its premises; and/or

   (b) Failing to warn of drop offs in elevation in the parking lot of its premises; and/or

   (c) Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface present in the parking lot of its premises,

   (d) Failing to warn of the sudden change of the exterior walking surface of its premises; and/or

   (e) Failing to place barricades, warning signs, cones, caution-tape or other marking devices utilized to alert individuals, such as Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident; and/or

39) At all times material hereto, Defendant, **IVIA WANG**, breached its duty to maintain owed to Plaintiff, **JULIA CROSSMAN**, by negligently and carelessly maintaining its premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, so as to cause Plaintiff, **JULIA CROSSMAN**, to sustain serious personal injuries when her foot encountered the condition.

40) Defendant, **IVIA WANG**, further breached its duty owed to Plaintiff, **JULIA CROSSMAN**, by:

    (a) Failing to maintain the exterior walking surfaces of its premises in a reasonably safe condition, to wit, premises by allowing an uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises, and to prevent dangerous conditions from occurring; and/or

    (b) Failing to install a barrier, guard rail and/or other device designed to prevent invitees from tripping and falling over uneven, unlevel, asymmetric, raised and/or disjointed exterior walking surface to be present in the parking lot of its premises; and/or

    (c) Failing to maintain walkways so as to provide safe walking conditions; and/or

    (d) Failing to transition a change in walking surface in accordance with applicable building codes, regulations, standards, and/or ordinances; and/or

    (e) Failing to install, provide and/or maintain safe exterior walking surfaces under expected environmental conditions and use; and/or

    (f) Failing to install, provide, or equip handrails near the walking surfaces of its premises, at or near where this incident occurred; and/or

    (g) Failing to provide a walking surface that was free of obstructions or impediments, at or near where this incident occurred; and/or

    (h) Failing to use visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions; and/or

(i) Failing to maintain visual cues such as warnings, accent lighting, handrails, contrast painting, and other cues to improve the safety of walkway transitions in a good and/or clean condition; and/or

(j) Failing to inspect its premises to ascertain whether the premises were free of uneven, unlevel, asymmetric, raised and/or disjointed curb to be present in the parking garage of its premises adjacent to a parking stall; and/or

(k) Failing to inspect its premises to ascertain whether the premises were free of sudden drop offs in elevation in the parking garage of its premises adjacent to a parking stall; and/or

(l) Failing to repair said condition or other similar conditions on the walking surface of its premises; and/or

(m) Failing to correct the hazardous condition of the premises when the Defendant knew or should have known that invitees traverse the walking surface of its premises; and/or

(n) Failing to train or supervise employees to correct or warn of unlevel, asymmetric, raised and/or disjointed exterior walking surfaces on its premises; and/or

(o) Was otherwise negligent in the care, maintenance and upkeep of its premises so as to cause the Plaintiff's injuries.

41) Defendant, **IVIA WANG**, by and through its agents, servants and/or employees, created the aforementioned dangerous conditions.

42) The aforementioned condition existed for a sufficient length of time that in the exercise of ordinary care, Defendant, **IVIA WANG**, either knew or should have known of the existence of the hazardous and dangerous condition, which constituted a danger to Plaintiff, **JULIA CROSSMAN**.

43) The aforementioned condition occurred with regularity and was therefore foreseeable to Defendant, **IVIA WANG**.

44) As a direct result of one or more of the above-mentioned acts of negligence or

omissions, Plaintiff, JULIA CROSSMAN, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff, JULIA CROSSMAN, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, **JULIA CROSSMAN**, hereby demands judgement for damages, costs and interest against Defendant, **IVIA WANG**, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**JULIA CROSSMAN** does hereby demand trial by jury of all issues so triable as a matter of right.

Dated: <u>July 28, 2021</u>.

**LAW OFFICE OF IRWIN AST**
*Attorneys for Plaintiff*
2121 S.W. 3rd Avenue, Suite 401
Miami, Florida 33129
Tel:   (305) 307-5208
Fax:   (305) 901-5639
Email: irwin@astlawfirm.com
       leo@astlawfirm.com
       pleadings@astlawfirm.com

By:   */s/ Irwin Ast*
Irwin Ast, Esq.
Fla. Bar No.: 0059879
Leonard M. Caracappa, Esq.
Fla. Bar No.: 1018504
